UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MALCOLM GREER,

                       Plaintiff,

-against-

VILLAGE OF SCARSDALE and
POLICE CHIEF ANDREW MATTURRO,

                       Defendants.
-----------------------------------------------------------------X

Docket No. 22-CV-07322 (NSR)

**STIPULATION AND PROTECTIVE ORDER OF CONFIDENTIALITY**

       The parties, through their attorneys of record, enter into this Stipulation for the entry of a Protective Order of Confidentiality pursuant to Fed. R. Civ. P. 26 and it is hereby stipulated and agreed as follows:

       1.     This Stipulation will govern the handling of all documents, information, depositions, deposition exhibits and other written records electronic or graphic matter produced by any of the parties during discovery, whether produced pursuant to a formal written discovery request or subpoena, a request made or question asked at a deposition, a letter request, by deposition testimony, interrogatory answer or any other means.

       2.     This Stipulation will govern all discovery authorized pursuant to the Federal Rules of Civil Procedure in this matter.

       3.     This Stipulation will also govern documents and other discovery materials produced during discovery by any non-parties.

       4.     By entering into this Stipulation or requesting the protections of it, the party or non-party does not waive its right to object to the production of any document or other discovery materials.

5. The following information and/or documents produced by the Defendants, and the information contained therein, will be deemed "Confidential Material" hereunder, regardless of any designation on the document itself:

    a) internal complaints of discrimination and investigations thereof, made against the Village of Scarsdale and/or against any of its employees and/or trustees; and

    b) portions of personnel files of current and former employees of the Village of Scarsdale.

6. A party producing documents or written discovery responses may designate all or any part of any document or response as confidential in the following manner:

    a) In the case of documents deemed "Confidential Material" pursuant to paragraph 5, by indicating in the cover letter transmitting material that documents falling within the definition of "Confidential Material" is contained therein;

    b) In the case of documents or other materials (apart from depositions or other pretrial testimony) by affixing the legend "Confidential" to each page to which this designation is desired or in the case of multi-page documents the word "Confidential" need only be indicated on the first page of the document or in a cover letter transmitting the documents in order for the entire document to be treated as confidential; and

    c) In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of the disclosure, or (ii) by written notice, sent by counsel to all parties within 15 days after receiving a

copy of the transcript thereof or within a reasonable time after which the party desires the material to be treated as "Confidential Material" hereunder.

7. All documents and materials designated as confidential (and any information contained therein or derived therefrom) will be used by the parties solely for purposes of this litigation and will not be used for any other purpose, and will not otherwise be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part, to any person or entity other than the following:

    a. the Court;

    b. counsel of record for the parties to this litigation, their employees and staff assisting in the representation thereof;

    c. the named parties in this litigation, including their employees, board members, officers, counsel or insurer who have a need to know for purposes of this litigation; however, counsel for the party will personally retain possession of all copies of confidential documents, materials or information obtained from the adverse or non-party;

    d. witnesses at any deposition, hearing, trial or post-trial proceeding in this matter (except that witnesses will not retain any confidential documents or materials subsequent to their testimony) and will be instructed by the deposing attorney that the documents, materials or information and/or information obtained and/or learned from these confidential documents are confidential and may not be disclosed directly or indirectly;

3

    e. court reporters and associated individuals engaged in transcribing, typing, or otherwise preparing transcripts of depositions or hearings in this action;

    f. consultants and expert witnesses who assist the attorneys of record in this litigation in the preparation of this case for trial; and

    g. any other persons or entities whom counsel for the producing party or non-party agrees in writing, or whom the Court directs, should have access to confidential documents or materials.

8. Every party (or its counsel) will advise every person to which it (or its counsel) gives access to Confidential Material or information contained therein that the material or information is being disclosed pursuant and subject to the terms of this Stipulation and Protective Order and may not be disclosed other than pursuant to the terms hereof. Every person given access to Confidential Material will sign Exhibit A hereto agreeing to be bound by this Stipulation and Protective Order.

9. Any party may seek to modify, expand, cancel or supersede this Stipulation and Protective Order or to dispute the designation of Confidential Material by motion on at least two business days' advance written notice via email, fax or overnight mail to the other party(ies).

10. The production of confidential documents or information by any party or non-party does not constitute an admission, a waiver of any legal right or privilege involved in or related to the documents or information constitutes or contain confidential information. Nor does production affect the discovering party's right to contest whether such documents or information are actually confidential and entitled to protection.

4

11. Within 45 days after receiving notice of the entry of an order, judgment, decree or stipulation finally disposing of this action and the lapse of any time to appeal or disposition of any appeal taken, all persons having received Confidential Material will return the material and all copies thereof to the party that produced it or its counsel. In lieu of returning the materials, any persons having received Confidential Material may ensure that the materials are destroyed and will provide notice of destruction to the producing party within the time prescribed herein. All persons who receive Confidential Material will, even after this litigation, be under a continuing duty not to disclose Confidential Material for as long as it is not available to the general public. Counsel for Plaintiff may retain Confidential Material in his files and will ensure that the materials are destroyed upon expiration of any record retention requirements set forth in the Rules of Professional Conduct.

12. Any party or non-party, if it has cause to believe that a violation of this Stipulation has occurred or is about to occur, has the right to petition the Court for appropriate relief, following at least two business days' advance written notice via email, fax or overnight mail to the other party(ies), unless it is believed that the disclosure will occur prior to that time frame in which event as much advance notice as is practicable in the circumstances will be provided.

13. If any party ("the Receiving Party") receives a subpoena seeking, or court order requiring, the production or disclosure of any Confidential Material received from any other person that designated the material "Confidential Material" ("the Producing Person"), the Receiving Party will give notice to the Producing Person within three business days of receipt of the subpoena or court order and, if possible, no less than five business days prior to the time for production of the Confidential Material pursuant to the subpoena or court order. If the written

notice cannot be made, the Receiving Party must immediately give notice to counsel for the Producing Person by telephone. In no event will production or disclosure be made before notice is given. The purpose of this paragraph is to provide the Producing Person the opportunity to intervene at its own expense to object to the production of the Confidential Material.

14. Nothing contained herein will prevent either party from objecting to discovery that they believe to be improper.

15. The parties will be bound by the terms of this Stipulation and Protective Order upon the signing hereof by all counsel of record set forth below.

16. This Stipulation and Protective Order may be executed in counterparts and electronic or facsimile signatures will be deemed originals for all purposes.

Dated: Melville, NY
August 3, 2023

| SUSSMAN & GOLDMAN | LAMB & BARNOSKY, LLP |
|---|---|
| _____(3497)_____ | _____ |
| Michael H. Sussman, Esq. | Richard K. Zuckerman, Esq. |
| Attorneys for Plaintiff | Sharon N. Berlin, Esq. |
| P.O. Box 1005 | Attorneys for Defendants |
| 1 Railroad Avenue, Suite 3 | 534 Broadhollow Rd., Ste. 210 |
| Goshen, New York 10924 | P. O. Box 9034 |
| (845) 294-3991 | Melville, New York 11747 |
| | (631) 414-5822 |

SO ORDERED:

_____   2-28-2024
JUDITH C. McCARTHY
United States Magistrate Judge

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MALCOLM GREER,

                        Plaintiff,

-against-

VILLAGE OF SCARSDALE and
POLICE CHIEF ANDREW MATTURRO,

                        Defendants.
----------------------------------------------------------------X

Docket No. 22-CV-07322 (NSR)

EXHIBIT "A" TO THE
STIPULATION AND
PROTECTIVE ORDER OF
CONFIDENTIALITY

## AGREEMENT TO ABIDE BY STIPULATION AND ORDER

I, the undersigned, have read the Stipulation and Protective Order of Confidentiality entered in this action ("the Stipulation and Order"). I understand its terms and agree to be fully bound by them. I hereby submit to the jurisdiction of, and agree to appear before, the U.S. District Court for the Southern District of New York for the purposes of the enforcement of the Stipulation and Order, both before and after the termination of this Action. I further understand that failure to abide by the terms of the Stipulation and Order may result in legal action against me and that I may be held in contempt of court and liable for monetary damages.

Name: _____

Signature: _____

Date: _____